THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE BECHTEL, SUPERVISOR, ETC., APPELLANTS, *v.* JORGEN H. WELBROOK, COMMISSIONER OF HIGHWAYS, ETC., RESPONDENT.

*Commissioners of highways — must account to board of town auditors — 1863, chap.*
*172 — 1875, chap. 180.*

Under chapter 172 of 1863 and chapter 180 of 1875, commissioners of highways are required to account annually before the board of town auditors, and not before the board of town officers.

APPEAL from an order made at a Special Term, denying a motion for a writ of peremptory *mandamus*, requiring the respondent to "account with the board of town officers (viz., the supervisor, justices of the peace and town clerk) of such town for all moneys received and disbursed by him" as commissioner of highways of the town of Middletown, Richmond county.

The town of Middletown, by the relator and appellant, brought these proceedings and appealed from the order made herein.

*W. S. Hornfager*, for the relator.

*Thomas Frean*, for the respondent.

CULLEN, J.:

By section 1 of chapter 172, Laws of 1863, the town auditors are directed to examine the accounts of highway commissioners on Tuesday preceding the annual town meeting. By section 2, such commissioners, and all town officers receiving or disbursing town moneys, must account for such moneys with "the board of town officers." By section 3, the said board of town auditors must make and file a statement and certificate of such accounts. We think there is no significance to be attached to the change of language found in the second section, the term there used being "the board of town officers" instead of "town auditors," employed in the first and third sections. The board of town officers means the town auditors. The examination and allowance of accounts is the proper function of an auditing board. Chapter 180, Laws of 1875, provided for the election of town auditors as independent officers, and

by section 2 of that act, all powers conferred by law upon boards of town auditors, and duties required by law to be performed by such boards, were devolved on the boards created by that act.

Hence the duty of examining the respondent's accounts rested in the new board of town auditors, and with it necessarily the duty devolved on the respondent to account to that board, which was to pass his accounts, and not to the board of town officers.

The order appealed from should be affirmed, with costs.

Present — BARNARD, P. J., DYKMAN and CULLEN, JJ.

Order affirmed, with costs.